# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ANTHONY CRUZ, | CV F  04-5080 REC DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY |
| v. | [Doc. 26] |
| MIKE KNOWLES, WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 22, 2003. Respondent filed an answer on August 3, 2004, and Petitioner filed a traverse on November 15, 2004. In separate Findings and Recommendations issued concurrently herewith, the Court has recommended that the instant petition be denied and judgement be entered in favor of Respondent.

On June 27, 2005, Petitioner filed a motion "for leave of the court for an order requiring respondent to produce the record regarding petitioner's prior conviction." (Court Doc. 26.) In the motion, Petitioner requests that pursuant to Rule 6(a) of the Rules Governing Section 2254 cases, the Court direct Respondent to produce a copy of his prior strike convictions.

Unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S.

286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery is available pursuant to Rule 6, it is only granted at the court's discretion, and upon a showing of good cause.  <u>Bracy</u>, 117 S.Ct. 1793, 1797; <u>McDaniel v. United States Dist. Court (Jones)</u>, 127 F.3d 886, 888 (9th Cir. 1997); <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes (quoting <u>Harris</u>, 394 U.S. at 295, 89 S.Ct. at 1089).

      Petitioner contends that the record for the Los Angeles County Superior Court Case will clearly show that his two 1991 prior convictions arose from a single criminal act, kidnaping for robbery, as distinguished from multiple acts committed in an indivisible course of conduct.  Petitioner contends such evidence will demonstrate that his trial counsel was ineffective for failing to investigate, submit documentation, and argue that Petitioner had only one strike under California's Three Strikes Law.

      Petitioner's request must be denied.  As stated in the Findings and Recommendations, California law supports the trial court's finding that prior convictions may be considered as separate strikes even if they arose out of a single course of criminal conduct, and Petitioner's claim to the contrary is without merit.  <u>See</u> Cal. Pen. Code § 667; <u>People v. Fuhrman</u>, 16 Cal.4th 930, 937-941 (1997); <u>People v. Benson</u>, 18 Cal.4th 24 (1998).  Further, as stated in the Findings and Recommendations, the trial court was fully aware of Petitioner's position that the two convictions constituted a single strike.  Thus, Petitioner has not demonstrated good cause for requiring the Court to order Respondent to produce a copy of his 1991 strike convictions and Petitioner's request is DENIED.

    IT IS SO ORDERED.

    Dated:   **August 22, 2005**             **/s/ Dennis L. Beck**
3b142a                                       UNITED STATES MAGISTRATE JUDGE